**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Svetlana Dontsova,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-02418-PHX-MTL (JZB)

**ORDER**

On December 29, 2025, Petitioner Svetlana Dontsova filed a Petition for Writ of Habeas Corpus Under § 2241 challenging her immigration detention. (*See* Doc. 1 in CV 25-04878-PHX-MTL (JZB)). After full briefing, the Court found that because Petitioner's appeal of her removal order remained ongoing her detention was not pursuant to 8 U.S.C. § 1231 (and thus that she was not entitled to relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001)), and that she was otherwise not entitled to a bond hearing. (*See* Doc. 14 in CV 25-04878-PHX-MTL (JZB)). Judgment was entered on March 12, 2026. (*See* Doc. 15 in CV 25-04878-PHX-MTL (JZB)).

On April 8, 2026, Petitioner filed a new Petition for Writ of Habeas Corpus Under § 2241 challenging her immigration detention, initiating the present action. (Doc. 1). By Order dated April 9, 2026, the Court found that there had been no change in circumstances that would warrant the Court revisiting its finding and ruling from March 12, 2026. (Doc. 7). Accordingly, the Court denied the Petition and dismissed this action; judgment was entered the same day. (Doc. 8).

Petitioner has now filed a Motion to Alter or Amend Judgment, asserting that the

Court "overlook[ed]" key differences between CV 25-04878 and the instant Petition, and that Petitioner is thus entitled to relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) of the Federal Rules of Civil Procedure. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263.

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed the Motion to Alter or Amend, the Petition, its prior Order, and the filings from CV 25-04878, and finds no basis to reconsider its prior rulings. Petitioner presented at the United States border on November 19, 2024, and was immediately taken into custody. In January 2026 she was ordered removed from the country, and her appeal of that order remains ongoing. As such, and as the Court has previously found, her detention is mandatory pursuant to 8 U.S.C. § 1225(b), and she is not entitled to a bond hearing or release pursuant to either statutory or constitutional

authority. (*See* Doc. 14 in CV 25-04878). Accordingly, the Court will deny the Motion to Alter or Amend.

**IT IS ORDERED:**

(1) Petitioner's Motion to Alter or Amend Judgement (Doc. 9) is **denied**.

(2) This case must remain **closed**.

Dated this 17th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge